UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL HAYNES,<br><br>Petitioner,<br><br>v.<br><br>W.L. MUNIZ, Warden,<br><br>Respondent. | NO. CV 16-8400-DSF (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS<br>(SUCCESSIVE PETITION) |

On August 31, 2016, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") in the Northern District of California. On November 9, 2016, the action was transferred to this district. Petitioner again challenges his 2009 conviction for murder and other crimes. The Court summarily dismisses the Petition because Petitioner previously challenged the same state court judgment in a habeas action that was dismissed with prejudice and lacks Ninth Circuit authorization to file a successive petition.

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's two prior federal habeas corpus actions in the Central District.

Petitioner was convicted of murder and other crimes in 2009. (Petition at 1-2.)

On December 9, 2011, Petitioner filed a Petition for Writ of Habeas Corpus that challenged the 2009 judgment. *Haynes v. Lewis*, CV No. 11-10197 GAF (RZ) ("*Haynes I*"). On December 20, 2012, the Court accepted the Magistrate Judge's Report And Recommendation, denied the petition with prejudice, entered judgment and denied a certificate of appealability. (Dkt. Nos. 27-29.) On April 10, 2013, the Ninth Circuit denied a certificate of appealability because the notice of appeal was not timely filed. (Dkt. No. 34.)

On January 16, 2015, Petitioner filed a second petition in this Court that challenged the same 2009 judgment. *Haynes v. Muniz*, CV No. 15-358 DSF (RZ) ("*Haynes II*"). On February 27, 2015, the Court summarily dismissed the petition as successive and denied a certificate of appealability. (Dkt. Nos. 7-8.)

The current Petition challenges the same 2009 conviction.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the

1 court of appeals, consider a second or successive habeas application.") (citation
2 and quotation marks omitted).
3     Here, the Petition is a successive petition challenging the same conviction
4 and sentence imposed by the same judgment of the state court as in *Haynes I*
5 and *Haynes II*
6     Rule 4 of the Rules Governing Section 2254 Cases in the United States
7 Courts provides that "[i]f it plainly appears from the face of the petition and any
8 attached exhibits that the petitioner is not entitled to relief in the district court, the
9 judge must dismiss the petition and direct the clerk to notify the petitioner." Here,
10 summary dismissal is warranted.

## III.
## ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition for lack of subject matter jurisdiction.

11/21/16

DATED: _____  _____
                                                    DALE S. FISCHER
                                               United States District Judge